PER CURIAM:
The claimant brought this action for damage to her 1985 Chrysler Fifth Avenue, which occurred after a road barrier blew into her vehicle on Corridor G in Logan County. The Court is of the opinion that the respondent failed to exercise reasonable care to ensure the safety of motorists and makes an award as stated below.
The incident giving rise to this action occurred on April 16, 1996, at approximately 5:30 p.m. The claimant was driving her vehicle on an exit ramp from Corridor G into Logan. The weather was dry and extremely windy. The evidence adduced at hearing was that the respondent had erected approximately 60 road barriers along the exit ramp for the purpose of directing traffic during the construction of a shopping mall. At some point one of these barriers blew into the claimant’s vehicle on the front driver’s side, breaking part of the windshield and damaging the grill, door, fender and wheel cover. The claimant submitted into evidence repair bills in the amount of $3,844.17. The vehicle had approximately 126,000 miles on the odometer. The claimant testified that she had spent approximately $6,000.00 in major repairs several months prior to the accident. The claimant carried liability insurance only.
The evidence at hearing established that Tuesday, April 16,1996, was an unusually windy day all day long. The metal and wood road barriers in question were described as approximately four feet by six feet in dimension with red and white marker stripes. It was the respondent’s practice to place two sandbags on each side to hold them in place. The claimant testified that the barrier that struck her vehicle did not have any sandbags and consequently was blown by the wind into her vehicle.
The respondent was aware that the barriers in this location had been blowing out of place throughout the day due to the unusually heavy winds. The evidence established that the respondent’s employees returned to the area on several occasions throughout the day to reset numerous road barriers that had blown down, or had been blown out of location. No additional safety measures were taken, despite the clear and present risk to motorists. ■ Indeed, at the time of the claimant’s accident, the evidence indicated that the respondent’s employees were back at district headquarters.
It is well established that the state is neither an insurer nor a guarantor of the safety of motorists on its roads or highways. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). For the respondent to be held liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The evidence clearly establishes that the respondent was aware that these road barriers were blowing across the road throughout the day on April 16, 1996. The respondent failed to warn motorists or take other reasonable precautionary measures. Therefore the Court is of the opinion to and does hereby make an award in the total amount of $3,844.17.
Award of $3,844.17.